**MARVEL SPECIALTY COMPANY, Inc., Plaintiff,**

v.

**BELL HOSIERY MILLS, INC., and Sanford Marley Distributing Company, Inc., Defendants.**

Civ. No. 1863.

United States District Court
W. D. North Carolina,
Asheville Division.

Nov. 5, 1964.

Kester Walton, Asheville, N. C., and Raymond P. de Member and J. Russell Verbrycke, III, Washington, D. C., for plaintiff.

Paul B. Bell, Charlotte, N. C., for defendants.

CRAVEN, Chief Judge.

Infringement by defendants of plaintiff's patent has been determined. Marvel Specialty Co. v. Bell Hosiery Mills, Inc., 216 F.Supp. 824 (W.D.N.C. 1963); affirmed in part and reversed in part, 330 F.2d 164 (4th Cir. 1964).

Plaintiff is entitled to have "damages adequate to compensate for the infringement" (of its patent) "but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs * * *." 35 U.S.C.A. § 284. The court may increase the damages up to three times the amount found or assessed.

Also the court may receive expert testimony as an aid to the determination of damages or of what royalty would be reasonable under the circumstances. Ibid.

A reference to a Master is specifically authorized by Rule 53(b) for the reason that an accounting will be required. The parties do not genuinely disagree as to the necessity for an accounting, but are poles apart as to its nature and extent. Plaintiff urges in oral argument and its brief that the measure of damages ought not to be determined until after a Master has exhaustively and with the aid of an accountant determined the account, and that the Master ought to be left free to explore all aspects of the question of damages and to thereafter select and determine the most appropriate theory. Defendants urge that such an approach would be unnecessarily burdensome and expensive; that to determine plaintiff's recovery, if based on the amount of profits which each of the defendants has made from the manufacture and use of the infringing hosiery mending machines, would require a Master who is both a lawyer and an accountant or a lawyer who would then require the extensive testimony of an accountant.

Sooner or later the court must determine the measure of damages. It ought to be determined now so that the Master can narrow the scope of his inquiry. Obviously the relevant facts vary considerably as the approach may vary from (1) damage to the patent holder to (2) profits gained by the infringers. Nothing is to be gained by having the Master ride off in both directions.

The problem would be much more difficult but for the recent decision in Aro Manufacturing Co. v. Convertible Top Replacement Co., 377 U.S. 476, 84 S.Ct. 1526, 12 L.Ed.2d 457 (1964). The following language from the opinion is controlling here:

> " 'In patent nomenclature what the infringer makes is "profits," what the owner of the patent loses by such infringement is "damages." ' "

Duplate Corp. v. Triplex Safety Glass Co., 298 U.S. 448, 451, 56 S.Ct. 792, 793, 80 L.Ed. 1274 [1278]. Profits and damages have traditionally been all-inclusive as the two basic elements of recovery. Prior to 1946, the statutory precursor of the present § 284 allowed recovery of both amounts, reading as follows:

> " '[U]pon a decree being rendered in any such case for an infringement the complainant shall be entitled to recover, in addition to the profits to be accounted for by the defendant, the damages the complainant has sustained thereby * * *.' " R.S. § 4921, as amended, 42 Stat. 392.

"By the 1946 amendment, Act of August 1, 1946, c. 726, § 1, 60 Stat. 778, 35 U.S.C. (1946 ed.), §§ 67, 70, the statute was changed to approximately its present form, whereby only 'damages' are recoverable. The purpose of the change was precisely to eliminate the recovery of profits as such and allow recovery of damages only.

" 'The object of the bill is to make the basis of recovery in patent-infringement suits general damages, that is, any damages the complainant can prove, not less than a reasonable royalty, together with interest from the time infringement occurred, rather than profits and damages.' H.R.Rep.No.1587, 79th Cong., 2d Sess. (1946), to accompany H.R.5311, at 1–2; S.Rep.No. 1503, 79th Cong., 2d Sess. (1946), to accompany H.R.5311, at 2, U.S. Code Cong.Service 1946, p. 1387.

"There can be no doubt that the amendment succeeded in effectuating this purpose; it is clear that under the present statute *only damages are recoverable.*" (Emphasis mine.)

■■ It is adjudged that it is necessary and appropriate to refer this matter to a Master for an accounting,

220

and one will be appointed to act pursuant to Rule 53, Federal Rules of Civil Procedure, to ascertain the extent of the infringement of the patent in suit by each of the defendants since Sanford Marley Distributing Company, Inc. commenced the sale of machines containing the patented mechanism, and to determine the damages authorized by 35 U.S. C.A. § 284, as recently interpreted in Aro Manufacturing Co. v. Convertible Top Replacement Co., supra. The Master is granted all of the powers authorized by Rule 53. He shall take evidence as provided in said rule and report the same, together with his findings of fact and conclusions of law, to the court.

The taxing of costs (including Master's compensation) will be deferred until the reference is completed.

An Order appointing a Master will be entered immediately.